**ROZNER v. HARRELL DRILLING CO.**

**No. 12587.**

Court of Civil Appeals of Texas. Galveston.

June 25, 1953.

Rehearing Denied Oct. 1, 1953.

Frank G. Harmon and Jean Dalby, Houston, Baker, Botts, Andrews & Parish, Houston, of counsel, for appellant.

Warren P. Cunningham, Jr., Houston, for appellee.

CODY, Justice.

This was an action by appellee for damages to his trailer caused by a collision with appellant's truck. The trial was to the court without a jury, and from a judgment for appellee against appellant in the sum of $1,350, interest and costs, this appeal is prosecuted. Hereafter appellee and appel-

lant will be referred to respectively as plaintiff and defendant.

There is not much dispute about the facts. On the afternoon of December 6, 1950, defendant noticed the brakes of his truck were out of order. At that time he had reached the edge of the City limits of Houston, traveling towards Houston on the Houston-Hempstead highway. The shoulder of the highway at this point is level and defendant parked his truck on the shoulder parallel with and close to the cement slab part of the highway and turned off his motor and set or pulled on his emergency brake and then pushed against his parked truck from behind and concluded that the brake was effectively set. Then for some 20 or 25 minutes defendant sought to get some passing motorist to pick him up and drive him down to a garage to get a mechanic to fix his brakes. During the time defendant was trying to pick up a ride he did not observe his truck move. At the time a strong, cold norther was blowing, and defendant's truck contained a full load of chickens, coops, eggs and crates, the load being placed on the truck so that it came up even with the top of the cab. The loaded part of the truck was covered with a large tarpaulin and the rear window of the cab was thereby concealed from the view or any driver approaching from the rear.

While defendant's truck was thus unattended, the employee who was driving plaintiff's truck, which had a house trailer attached, approached on the highway headed in the same direction in which defendant's truck was headed, which was southerly. The cement slab portion of the highway, at the point in question, is 20 feet wide and is constructed in the usual manner so that the center is its highest point with a slight slope toward the ditches on each side so that water will drain off. The day was bright and sunny and the highway is practically straight for a long distance at the point in question and at all material times there was no other vehicle on the highway in the vicinity. Plaintiff's employee first observed defendant's truck while he was some 400 or 500 yards distant

therefrom and it seemed to said employee that the truck was stationary and almost entirely on the shoulder of the highway. When plaintiff's driver was some 300 yards to the rear of defendant's truck he observed it roll onto the highway. Plaintiff was driving his vehicle (consisting of truck and house trailer) at about 40 miles per hour at all material times and at no time before the collision slackened such speed.

Defendant's truck never moved faster than from 3 to 5 miles an hour. As stated, the rear window of defendant's truck was concealed by the load and tarpaulin and plaintiff's driver assumed that someone was driving the truck. The truck was moving across the highway at a very sloping angle at the moment of collision and plaintiff's driver continued to sound his horn until plaintiff's truck had drawn up even with defendant's truck when the driver saw that no one was driving defendant's truck. There was no traffic which prevented plaintiff's driver from driving farther to his left but he pulled as far to the left as he could without going off of the cement slab, seeking to avoid colliding with defendant's truck. The left rear bumper of defendant's truck collided with the rear side of the house trailer. The portion of the trailer which collided with defendant's truck was at the moment of the collision right of the center of the highway while no part of defendant's truck was left of the center thereof. After the collision defendant's truck continued to roll on across the highway and stopped in the ditch on the left or east side of the highway. Plaintiff's employee had ample time to stop his vehicle, counting from the time he first noticed defendant's truck, but as noted he was unaware that defendant's truck was not under the control of a driver.

The foregoing statement is taken from the findings of fact filed by the court at defendant's request. We quote verbatim the following findings:

"(3) Defendant failed effectively to set the brakes on his truck, failed to engage the gears on said truck, and

failed to take any other precaution against the movement of said truck before leaving it unattended.

\* \* \* \* \* \*

"(6) Defendant failed to exercise ordinary care in leaving his truck unattended without first taking adequate precautionary measures against its movement and was thereby negligent." (7) Same was the proximate cause of the collision.

\* \* \* \* \* \*

"(25) Plaintiff's employee, Leroy B. Schultz, at all times material to this cause, was operating plaintiff's said pick-up truck with house trailer attached in a prudent and careful manner."

The court further found that the collision did not result from an act of God, or from an unavoidable accident.

The only conclusion of law made by the court, which we consider need be considered here reads: "(1) While as previously found, defendant turned off the motor of his truck, defendant was negligent, as a matter of law, in permitting his motor vehicle to stand unattended without \* \* effectively setting the brakes thereon in violation of Sec. 97 of the Uniform Traffic Code, same being art. 6701d of the Revised Civil Statutes of Texas."

On appeal, defendant has waived his fourth point, and insists only on the first three points of error assigned in his brief, which are to the effect (1) under the facts found by the court, the plaintiff was guilty of contributory negligence, as a matter of law, which was a proximate cause, (2) the trial court erred in finding that plaintiff's driver was not negligent, such finding being contrary to the evidence, and contrary to the specific findings, as distinguished from the general findings of the court, (3) the plaintiff failed to prove that defendant was guilty of any actionable negligence which was a proximate cause.

█ Here the plaintiff had the burden to establish that defendant was guilty of actionable negligence which **proximately** caused the collision and damages. And in that connection it is well settled that "neither negligence or causal connection will be presumed from the fact of the injury alone, but it must be proved by competent evidence." Comet Motor Freight Lines v. Holmes, Tex.Civ.App., 175 S.W.2d 464, 467.

Section 97 of art. 6701d, Vernon's Ann. Civ.St. (the traffic laws and regulations), which the court found that the defendant violated, reads: "No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, and effectively setting the brake thereon, and, when standing upon any grade, turning the front wheels to the curb or side of the highway." Since the court expressly found as a fact that before defendant left his truck unattended he had stopped his motor, the violation which the court found to be negligence per se consisted of defendant having left his truck without effectively setting the brake thereon (which the court expressly found) and that such negligent action or omission constituted the proximate cause.

█ It is well settled in this State that where a duty is imposed by statute "a breach thereof, resulting in an injury, of the character which the statute sought to prevent, to one for whose advantage it was enacted, itself constitutes negligence without reference to the degree of care exercised, or of reasonable anticipation of an injury." Texas & Pac. R. Co. v. Baker, Tex.Com.App., 215 S.W. 556, 557; 30 Tex. Jur. 729 et seq. It is quite evident that the purpose of aforesaid Section 97 is to provide against a motor vehicle becoming a "derelict" as it were, and the dangers attendant upon a vehicle being abandoned so as to become a menace to traffic or to the public. According to defendant's own testimony, he understood the need to effectively set his brake for he testified that he put on his emergency brake and then went to the rear of his truck and tried to push it and found that the brake held. When it is borne in mind that the truck was fully loaded and parked on a level portion of the shoulder of

the highway, it is easy to conclude that the test applied by defendant to determine whether his brake was effectively set might not be very satisfactory. Certainly the court was not compelled to find from the evidence that defendant *effectively* set the brake to his truck when he so left it unattended. Here the evidence disclosed and the court found that defendant's fully loaded truck was covered with a large tarpaulin and that a strong north wind was blowing. The propulsive power of wind against canvas is a matter of common knowledge. Failure on the part of one to comply with the provision of Section 97, such as setting the brake, which the court found defendant here failed to do, renders one liable for the consequences which the Section was intended to prevent. And the undisputed evidence here shows that defendant's truck did become a "derelict" and a menace to traffic.

■ We note that plaintiff's employee testified that after the collision he got into the cab of defendant's truck and found that the gears were not engaged and the brake not set. Section 97 does not require that in case a motor vehicle is left unattended, its gears be engaged, but we are unable to say that there was insufficient evidence to warrant the court's finding that the defendant violated the Section by failing to effectively set his brake. The court could make such inference from the following facts: That there was a strong north wind blowing, but not blowing with unprecedented force, and that the truck moved slowly at a very sloping angle onto and across the highway. And, furthermore, there was no contention that there was any mechanical failure of the emergency brake between the time the truck was left unattended on the highway and the time the wind propelled it onto and across the highway. Such finding by the court does not violate the rule which we quoted above from the Comet Motor Freight Lines case.

■ Defendant strongly contends that specific findings made by the court established as a matter of law that plaintiff's employee was guilty of acts or omissions which constituted a violation of Section 54

of art. 6701d, Vernon's Ann.Civ.St. and a violation of Section (C) art. 801, Vernon's Ann. Penal Code, and that consequently plaintiff's employee was guilty of contributory negligence as a matter of law, and defendant contends that such particular and specific findings must prevail over the court's general findings that plaintiff's employee was not guilty of negligence. The Sections so invoked by defendant as against plaintiff severally provide, in substance, that vehicles overtaking other vehicles proceeding in the same direction shall pass to the left thereof and shall not again drive to the right until the road is reasonably clear of such overtaken vehicle. We do not deem that the aforesaid Sections are applicable here. This because plaintiff's vehicle did not overtake the defendant's vehicle while defendant's vehicle was proceeding in the same direction in the sense meant and intended in said Sections. While it is true that defendant's truck rolled onto the highway in a fashion to simulate being driven thereon by a driver who intended to proceed in a southerly direction on the highway, the truck did not so proceed. But it cut across the highway at a very sloping angle. Had the truck angled onto the highway from its parked position on the shoulder in a normal manner and proceeded in the same direction down the highway as plaintiff's truck and trailer were being driven, the court would have been confronted with a different fact situation. The key finding of the court, as we view it, is that the defendant's truck cut across the highway at a very sloping angle. In this connection, we quote verbatim the court's findings 9 and 16:

"9. Defendant's said truck, after Defendant had left same unattended, moved onto said highway and approximately in the center thereof, the left rear bumper of the Defendant's truck collided with the right side of the plaintiff's house trailer; Defendant's said truck, after said collision, continued moving across said highway and came to rest in the ditch on the opposite, or left hand, side of said highway.

\*     \*     \*     \*     \*     \*

"16. At the moment of the impact, the Defendant's truck was at a very sloping angle across the road; the front of said truck was not quite onto the center line of the road, and the entire truck was on the right-hand side of the road."

What we have said requires that defendant's points 1 to 3, inclusive, be overruled and that the judgment be affirmed. It is so ordered.

MONTEITH, C. J., not sitting.