GULF, COLORADO & SANTA FE RAILWAY COMPANY, Appellant,

v.

Earl R. DEEN, Appellee.

No. 3135.

Court of Civil Appeals of Texas.

Eastland.

Sept. 27, 1957.

Rehearing Denied Oct. 25, 1957.

Woodruff & Holloway, Brownwood, Hudson, Keltner & Sarsgard, Ft. Worth, for appellant.

David C. McCord, Robert Lee Guthrie, Dallas, for appellee.

GRISSOM, Chief Justice.

We formerly held that the jury findings and undisputed evidence established that the railroad company furnished one safe way to do the job Deen was doing when he broke his leg; that the employee was not directed to do the work in the manner in which he did it; that the employer had no duty to furnish more than one safe way to do the work and, therefore, the evidence did not support the jury's conclusion that the employer was negligent in failing to furnish tools to handle the pot. Therefore, we rendered judgment for the employer. See Tex.Civ.App., 275 S.W.2d 529. The Supreme Court of Texas refused to grant a writ of error. Thereafter, in Port Terminal Railroad Ass'n v. Ross, Tex., 289 S.W. 2d 220, 225, it expressly approved our holding that the verdict and undisputed evidence established that the railroad furnished one safe way to do the job and that it was under no duty to furnish more than one. It said:

"There is now pending in this court a motion for rehearing on the application for writ of error in Gulf, C. & S. F. Ry. Co. v. Deen, Tex.Civ.App., 275 S.W.2d 529, which is analogous in many respects to the present case. The railroad employee was there injured while he and another workman, Snow, were attempting to remove a slab of hardened babbitt from a melting pot which resembled a kitchen sink. It was customary for five or six men to grasp one rim of the pot and turn the same away from them and dump the babbitt therefrom. On the occasion in question the petitioner prepared to empty the pot alone, but Snow volunteered to assist him. The two men first attempted to turn the pot away from them, but were unable to do so. With considerable effort they were able to and did turn the pot toward them, and the babbitt fell out and injured the petitioner's leg. Petitioner alleged that the carrier was under the duty to furnish proper tools to remove the babbitt, or in the alternative to provide sufficient help to remove the babbitt without the use of tools, and that the railroad was

negligent in failing to furnish proper tools and in failing to provide sufficient help. On the question of proper tools, it was petitioner's contention that the pot should have been equipped with clamps which would enable one workman to pick it up with a hoist and turn it away from him. The evidence shows that with the help of one additional man, petitioner and Snow could have turned the pot away from them and dumped the babbitt in the usual manner. The jury found that the petitioner's injuries were proximately caused by the negligent failure of the railroad to furnish proper tools, but that it did not fail to furnish one or more additional men, other than Snow, to assist petitioner in removing the babbitt. There is no evidence showing that the method of work furnished by the railroad, i. e., the manual dumping of the pot by three or more men, was not reasonably safe. We agree with the Court of Civil Appeals that the verdict of the jury and the undisputed evidence establish that the railroad furnished one reasonably safe way to do the job and therefore was under no duty to furnish a second method of performing the work.

"The petitioner in the Deen case argues, as does the plaintiff in the present case, that under the Federal Employers' Liability Act [45 U.S.C.A. § 51 et seq.] as interpreted and applied by the Supreme Court of the United States, the question of the carrier's negligence is for the jury, and that the trial or appellate court cannot substitute its judgment for that of the jury. The opinion in Bailey v. Central Vermont Railway, Inc., 319 U.S. 350, 63 S.Ct. 1062, 87 L.Ed. 1444, states that a railroad employee will be deprived of a goodly portion of the relief which Congress has afforded him if he is denied a jury trial in a close or doubtful case. And it has been stated that the Supreme Court of the United States is paying lip service to the doctrine that liability in these cases is based only upon fault, but that its standard of fault is such as to indicate that the principle is without much practical meaning. See dissenting opinion of Mr. Justice Jackson in Wilkerson v. McCarthy, 336 U.S. 53, 69 S.Ct. 413, 93 L.Ed. 497.

"In an action under the Federal Employers' Liability Act, the question of what constitutes negligence, and the sufficiency of the evidence to raise that question for the jury, is to be determined by the applicable federal decisions. The decisions of the Supreme Court which are cited by the parties represent only that Court's appraisal of the facts there involved, and are of little assistance in the determination of the cases which are not factually analogous. So long as that Court continues to pay even lip service to the principle that liability of the railroad employer is based only upon negligence, it is incumbent upon the state courts to recognize and apply the principle in cases presented for their determination. Until required to do so by a clear and positive declaration of the highest federal tribunal, our trial and appellate courts cannot and should not give effect to a jury finding of negligence when in its opinion the record is completely devoid of evidence in support of same."

The Supreme Court of the United States, 353 U.S. 925, 77 S.Ct. 715, 1 L.Ed.2d 721, in a five to four decision, remanded the cause to this court. Aside from the statement of the dissent of four judges, that court merely said, "We hold that the proofs justify with reason the jury's conclusion that employer negligence played a part in producing the petitioner's injury."

The railroad company has filed a motion to remand without further proceedings in this court. Its motion is based on the theory that our holding that there was no evidence of negligence of the railroad com-

pany included the lesser finding that the jury's finding of negligence was so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust. Because of the presumed lesser finding it says we should, without further proceeding, remand the case for a new trial. (In the alternative, it moves that we consider its points not heretofore determined and remand the cause.) Deen has filed a motion to affirm the judgment of the trial court.

■ We have not seen the points presented by Deen to the United States Supreme Court. It evidently intended to hold that the evidence was sufficient to support the finding that the railroad company was guilty of negligence in failing to furnish tools. It still says that an employer's liability under the Federal Employers' Liability Act rests upon negligence. It has not said that the employer must furnish more than one safe way to do a job. We are, therefore, forced to the conclusion that it was the opinion that the findings and undisputed evidence did not show that the railroad company furnished one safe way to do the job. It had the power to so hold and it is our intention to comply therewith. We conclude, therefore, that we cannot sustain the railroad's motion to summarily remand for a new trial on the theory that we, presumably, held that the finding of negligence was contrary to the overwhelming weight and preponderance of the evidence. We thought it was. The Supreme Court of the United States has held to the contrary. We did not expressly hold that it was contrary to the overwhelming weight and preponderance of the evidence and are now precluded from doing so.

We have now considered all the railroad company's points of error not heretofore determined. We believe that none of them present reversible error except the point asserting that the judgment is excessive. Deen was 36 when he suffered a compound fracture of his right leg on July

12, 1949. Immediately thereafter, according to the doctor who attended him, Deen "was in a little state of shock, a lot of pain." He was given morphine, x-rayed, given a general anesthetic, the fracture was reduced, his leg was put in a cast and he was sent to the railroad company's hospital in Temple, as was customary. Deen's leg was treated there and he returned home after seven days. He went to Temple several times for treatment of his leg. His leg was in a cast for four and one-half months. Mr. Deen's doctor testified that in his opinion Deen at the time of the trial had twenty percent permanent disability of his right leg. There was evidence that he limps, his right heel is numb, his leg sometimes swells, is discolored and hurts. There is evidence that he will probably suffer some pain in the future.

■■ Deen returned to work April 3, 1950. He has his old job back and a raise in pay. Deen had been back on his old job working regularly, doing satisfactory work at an increased wage rate, for more than four years at the time of the trial. The jury found that $39,000 would compensate Deen for his injury. In determining that amount the jury was allowed to consider the nature and extent of his injury, physical pain and suffering, past and future, loss of earning and diminished earning capacity. Doctors, nurses and hospital expenses were not included. Mr. Deen's actual loss of wages was $2,350. It is undisputed that the broken leg caused great pain at first. The evidence does not indicate an unusual amount of pain for such an injury after the leg was set, treated and healed. The cast was removed within four and one-half months. Doctors, nurses and hospital bills are not here to be considered. Other than the $2,350 loss of wages there is no evidence that he has suffered a loss of earnings. The evidence does not justify a finding that there was much loss of earning capacity. We have carefully considered the record and are convinced that the jury awarded Deen nearly $20,000 for pain. The record does not justify such a finding.

When all the record is considered, it is evident that the judgment is excessive. The finding of contributory negligence, which reduced Deen's recovery, did not relieve appellant of the injurious consequences of the excessive verdict for $39,000 and the resulting excessive judgment based thereon. Missouri-Kansas-Texas R. Co. of Texas v. Webb, Tex.Civ.App., 229 S.W.2d 204, 211 (RNRE). We conclude that the judgment is excessive to the extent of $5,500. If appellee promptly files such a remittitur the judgment will be so reformed, otherwise the cause will be remanded for a new trial.