GULF, COLORADO & SANTA FE RAILWAY CO. V. EARL R. DEEN.

No. A-6584. Decided November 19, 1958.
Rehearing overruled December 10, 1958.
(317 S.W. 2d Series 913)

*Woodruff & Holliday,* of Brownwood, *Hudson, Keltner & Sarsgard,* of Fort Worth, *McLeod, Mills, Shirley & Alexander,* of Galveston, for petitioner.

*David C. McCord, Johnson, Guthrie & Stanfield,* all of Dallas, for respondent.

MR. JUSTICE GARWOOD delivered the opinion of the Court.

By our opinion delivered May 7, 1958, (158 Texas 466, 312

S.W. 2d 933) in this suit under the Federal Employers' Liability Act, we reversed the judgment of the Court of Civil Appeals (306 S.W. 2d 171, which in reliance upon a judgment of the Supreme Court of the United States in this same cause (353 U.S. 925) [77 Sup. Ct. 715, 1 L. Ed. 2d 721] had affirmed the judgment of the trial court in favor of the plaintiff Deen conditioned upon remittur by him of $5500.00. The cause was remanded by us to the Court of Civil Appeals "with directions * * * to adjudicate, upon its own independent evaluation of the evidence, and wholly apart from the judgment of the Supreme Court of the United States, whether or not the jury finding of negligence of the defendant * * * is so against the weight and preponderance of the evidence as to require a new trial in the interest of justice and, upon the basis of its said adjudication, to either affirm the judgment of the trial court or grant a new trial." This action was taken at the behest of the defendant Railway Company as petitioner in this Court.

In the same proceeding we denied the plaintiff Deen, who was also a petitioner, any relief against the above-mentioned action of the Court of Civil Appeals in requiring a remmititur as a condition of its affirmance of the trial court judgment.

From our judgment the plaintiff Deen sought relief in the Supreme Court of the United States by (1) mandamus "requiring the Supreme Court of Texas to vacate its judgment rendered on May 7, 1958, in this cause and requiring the said Supreme Court of Texas to render a judgment and decree sustaining and affirming the judgment of the trial court rendered April 12, 1954, subject to a remittitur in the sum of $55000.00, but without prejudice to Deen's right to seek review of such remittitur * * * by Petition for Writ of Certiorari * * *.", and (2) writ of certiorari to review our mentioned judgment in all respects in which it was unfavorable to the plaintiff Deen, including our rejection of his complaint against the requirement of remittitur by the Court of Civil Appeals. In the Supreme Court of the United States the mandamus proceeding was given the number 113 Misc., and the certiorari proceeding number 187, October Term, 1958. (358 U.S. 874, 79 Sup. Ct. 111, 3 L. Ed. 2d 105.

Under date of October 27, 1958, the relief sought by mandamus was in effect granted, as evidenced by the Court's per curiam opinion of that date,[1] and the relief by certiorari denied

1.—"No. 133 Misc. DEEN v. HICKMAN.
   "*Per Curiam*: In *Deen* v. *Gulf, Colorado & Santa Fe R. Co.*, 353 U.S. 925,

by order of the same date which stated the denial to be "in view of the order entered this day in Deen v. Hickman, No. 133, Misc., October Term, 1958."

Pursuant to the action of the Supreme Court of the United States in the mandamus proceeding, it is our duty to withdraw our previous judgment and render a new decision conformably to the decision of that Court. Our above-mentioned decision and judgment of May 7, 1958, are accordingly revoked, except in so far as they refused to disturb the action of the Court of Civil Appeals in requiring the remittitur; and judgment is now rendered in favor of the plaintiff, subject to said remittitur, all as more fully hereinafter provided.

By motion, the plaintiff prays that we not only affirm the latter judgment in respect to its having upheld a recovery in his favor, but also modify said judgment to the extent of eliminating the remittitur therein required. As to this, it is enough to say that, since we have heretofore decided, as above stated, that the Court of Civil Appeals had the power to require the remittitur, and since the above described action of the Supreme Court of the United States conspicuously forbears to disturb this part of our decision, but, on the contrary, denies the writ of certiorari wherein the plaintiff sought to review it, we must decline to reconsider the question on its merits.

It is therefore ordered that the planitiff Earl R. Deen do have and recover of the defendant, Gulf, Colorado & Santa Fe Railway Company and the sureties on its supersedeas bond, to wit, T. W. Lain and R. K. Hutchings, jointly and severally, the principal sum of $15,950.00, with interest thereon at the rate of

---

(77 Sup. Ct. 715, 1 L. Ed. 2d 721) this Court, having held 'that the proofs justified with reason the jury's conclusion that employer negligence played a part in producing the petitioner's injury,' reversed the judgment of the Texas Court of Civil Appeals. On remand, that court held that the question of negligence was foreclosed by this Court's decision and affirmed a judgment in favor of the petitioner on condition that petitioner accept a remittitur. On review, the Texas Supreme Court remanded the case to the Court of Civil Appeals 'with directions * * * to adjudicate, upon its own independent evaluation of the evidence and wholly apart from the judgment of the Supreme Court of the United States, whether or not the jury finding of negligence of the defendant * * * is so against the weight and preponderance of the evidence as to require a new trial in the interest of justice, and, upon the basis of its said adjudication, to either affirm the judgment of the trial court or grant a new trial.' The determination of that issue was foreclosed by *Deen v. Gulf, Colorado & Santa Fe R. Co.,* supra. The motion for leave to file a petition requesting this Court to mandamus the Texas Supreme Court to conform its decision to our mandate in that case is granted. Assuming as we do that the Supreme Court of Texas will of course conform to the disposition we now make, we do not issue the writ of mandamus.

Mr. Justice Stewart took no part in the consideration or decision of this case. October 27, 1958." 358 U.S. 57, 79 Sup. Ct. 1, 3 L. Ed. 2d 28.

6% per annum from the date of the trial court judgment, to wit, April 12, 1954, until paid; further ordered that out of said recovery and as a credit against the same, there shall be paid by the defendant to the Railroad Retirement Board the sum of $650.00, being the amount of a loan from said Board to the plaintiff, payable out of said recovery by agreement between the plaintiff and the defendant; further ordered that the costs of this litigation in the state courts shall be paid as follows: the costs incurred in the Court of Civil Appeals through the entry of the first judgment rendered by that Court shall be paid by the plaintiff; and all other costs, including those incurred in the trial court, shall be paid by the defendant; such allocation of costs being substantially the same as would have been made if the Court of Civil Appeals had in the first instance rendered the judgment which has now become the final judgment in this cause; that no interest on said costs shall be recovered by either party; that the costs incurred in the Supreme Court of the United States, including any recoverable interest thereon, shall be paid exclusively as may be adjudged by that Court; and that as to state court costs recoverable hereunder by the defendant, the defendant is denied the right to offset the same against costs incurred by it in the Supreme Court of the United States, except as the latter Court may otherwise order.

Opinion delivered November 19, 1958.

MR. JUSTICE SMITH dissenting.

I respectfully dissent. The per curiam opinion by the United States Supreme Court rendered on October 27, 1958, conclusively forecloses the question of remittitur against the petitioner. The majority seems to attach considerable significance to the action of the Supreme Court in denying relief by certiorari. I think the majority has again misconstrued the opinion of the Supreme Court just as this Court misconstrued the opinion in Deen v. Gulf, Colorado & Santa Fe R. Co., 353 U.S. 925. The majority still overlooks the fact that this is a case brought under the Federal Employers Liability Act. The Congress provided by the adoption of such Act that the jury would determine the damages. The Act provides for what we commonly call comparative negligence. In other words, the Act provides that in assessing the damages in the event of negligence, etc., on the part of the defendant, the damages shall be diminished by the jury in proportion to the amount of negligence attributable to the employee. See 45 U.S.C.A., Sec. 53, Apr. 1908, c. 149, Sec. 3, 35 Stat. 66.

I think the Act does not contemplate an issue of excessive verdicts or the granting of a remittitur by the trial court or the Court of Civil Appeals. See Neese v. Southern Railway Company (1955), 350 U.S. 77, 76 Sup. Ct. 181.

To allow a remittitur would nullify a material portion of the Act. It, no doubt, was the intention of the Congress to place the power of evaluating evidence solely with the jury. The per curiam opinion unquestionably, although it did not expressly hold, intended to foreclose any action by this Court or the Court of Civil Appeals, except to require that judgment be entered for Deen in accordance with the jury verdict. The opinion expressly reverses the action of this Court wherein the case was remanded to the Court of Civil Appeals with directions to adjudicate, upon its own independent evaluation of the evidence and wholly apart from the judgment of the Supreme Court of the United States, whether or not the jury finding of negligence of the defendant is so against the weight and preponderance of the evidence as to require a new trial in the interest of justice, and, upon the basis of its adjudication, to either affirm the judgment of the trial court or grant a new trial. I am now convinced that all issues have been foreclosed and that this litigation should come to an end. The matter can be expedited by following what seems to me to have been the clear intent of the United States Supreme Court. See Pennell v. B. & O. R. R. Co., 13 Ill. App. 2d 433, 142 N.E. 2d 497. To consider the question of remittitur necessarily would require evaluating evidence and reviewing the weight of the evidence. The last cited case dealt with the problem, and, in holding against the contention of the petitioner in the instant case, said, in part:

"* * * To consider this issue would necessarily require reviewing the weight of the evidence since it is obvious there is an evidentiary basis for a substantial verdict. The recent case of Neese v. Southern Railway Company, 350 U.S. 77, 76 Sup. Ct. 131, 100 L. Ed. 60, lends support to this view. In that case, the Court of Appeals determined in a carefully considered and actuarially supported opinion that the verdict was excessive. The Supreme Court in a per curiam opinion, simply concluded that the record supported the jury's verdict and reversed the Court of Appeals. While there was no clarifying discussion of the scope of review of the issue of excessiveness of the verdict in intermediate appellate courts, the result reached indicates the view of the Supreme Court on such issue. In addition, our examination of the cases reaching the U.S. Supreme Court touching on the issue of excessiveness of the verdict reveals no objective

criteria against which an intermediate appellate court might weigh the exercise of discretion by the trial court in handling such issue. Nor has the Congress defined the outer limits of recovery in such cases. Therefore, in the light of the Harsh case, and in the absence of any approved standards or criteria by which a verdict may be adjudged either reasonable or excessive or so large as to indicate prejudice of the jury, this court cannot determine the trial court's treatment of this issue to be erroneous."

I would affirm the judgment of the trial court.

Opinion delivered November 19, 1958.

Rehearing overruled December 10, 1958.