George H. BYRNES, Appellant,

v.

Cecil E. STEPHENS, Appellee.

No. 6374.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 7, 1961.

Rehearing Denied Sept. 27, 1961.

Orgain, Bell & Tucker, Beaumont, for appellant.

Stephenson & Stephenson, Orange, for appellee.

McNEILL, Justice.

This suit was one by appellee, Cecil E. Stephens, against appellant, George Byrnes, to recover damages for personal injuries sustained by him when appellant's truck parked on a street in the City of Orange was hit by a passing car thereby propelling the truck against appellee, and causing him to be pinned between the rear of his car and the front of the truck. The owner of the passing car, one Poole, was also made a party defendant but filed no answer nor made appearance.

The accident happened in the business district of said city, a medium sized community located in the Gulf Coast area. To understand the circumstances leading up to the accident, two streets were involved, Second Street running north and south and Park Avenue east and west. The accident occurred in front of appellee's store, known as Lerner's, a small drygoods and television store, which is located on the north side of

Park Avenue between 135 to 145 feet westward from the intersection of Second Street and Park Avenue. Appellant's store is located next door and east of appellee's. Appellant parked his 1950 pickup truck in front of his business about 1 p. m. February 25, 1955, but did not set his brakes. The street is level at this point. The truck remained in this position without moving from 1 p. m. until the accident happened about 6 p. m. Shortly before the accident, appellee parked his car in front of his store (Lerner's) about 20 to 25 feet forward of appellant's truck. There was left enough room between the two vehicles to park another car.

As appellee went into his store and returned to his car to place some fender skirts in its trunk, the defendant Poole, under the influence of intoxicants, was in the process of setting in motion a chain of events which led to the eventual injury of which appellee complains. The intersection to the east of the two stores (Second and Park) is controlled by a mechanical signal. At this point in time Poole, driving his 1949 Ford car going north on Second Street, came up behind a vehicle driven by a Mrs. Wilburn who was waiting at the signal light and struck it in the rear, knocking it forward into the intersection. Poole then backed up from this collision, shouted at Mrs. Wilburn, accusing her of getting in his way, and attempted to leave the scene. As he was doing so, he collided near the center of this intersection with a vehicle driven by a Mr. Wilson coming south on Second Street. Poole was then some one hundred and seventy-five feet from appellant Byrnes' truck. About this time appellee was placing the fender skirts in the rear of his automobile. Poole then drove his car in a wide sweep westerly into Park Avenue, and began to pick up speed in an apparent attempt to leave the scene of the previous collision. In any event, he failed to get his car entirely clear of the parking lane where appellant's truck was then sitting, and the right front corner of the car struck the left rear corner of the truck with

considerable force. At this moment appellee was lowering the trunk lid of his automobile—his hands were still on the lid—and he heard a "triffic crash" as Poole's car struck the rear of appellant's truck. Appellee turned, saw the truck coming toward him at a fast rate of speed, tried to jump out of the way, but was unable to do so in time and was caught between the bumper of the truck and the rear bumper of his car. In this position he was locked, and after the first impact, the truck kept going backward and forward four or five times, causing him to sustain the injuries complained of to his leg and body. The initial impact between Poole's car and the truck caused them to be hung together and the backward and forward movement of the truck was caused by effects of Poole to break his car loose from the truck. At the time these things took place, appellant was across the street from his store buying groceries, and hearing the crash and commotion came over to the scene of the collision.

The case having been given to the jury, it found: (1) Appellant permitted his truck to stand unattended without effectively setting the brakes thereon; (2) this was a proximate cause of appellee's injury. (3) That Poole was operating his car at time of the accident under the influence of intoxicating liquor. (4) This was a proximate cause of the accident. (5) Poole failed to keep his car under proper control. (6) This was negligence. (7) This was a proximate cause of the incident. (8) The manner in which Poole operated his car on this occasion was not the sole proximate cause of appellee's injuries. (10) Appellee's medical expense to date of trial $3,500; (11) appellee's proximately resulting damages $50,000. Judgment was rendered for these sums in behalf of appellee against appellant and Poole, jointly and severally.

Appellant assails this judgment with the aid of four points. The first is that the court erred in submitting the issue of proximate cause, there being no evidence thereof; and the second, that the evidence thereof is insufficient. The third point assigns

as error failure of the court to submit an issue subsidiary to issue (1) above, inquiring whether the failure of appellant to effectively set the brake on his truck was negligence. We will discuss these points together.

Sec. 97, Art. 6701d, Vernon's Ann. Tex.St., provides that no person in charge of a motor vehicle "shall permit it to stand unattended," without effectively setting the brake thereon. Sec. 143 following, makes the violation punishable by fine. It is recognized that a motor vehicle is a potentially dangerous instrumentality. Still it is everywhere prevalent. We are satisfied that in enacting Sec. 97 above, the Legislature intended it as a safety measure to protect persons and property from injury. Rozner v. Harrell Drilling Company, Tex.Civ.App., 261 S.W.2d 190. The trial court, therefore, did not commit error in failing to submit the requested issue on negligence.

One parking his motor vehicle along the curb of a street, in the business district of a city in which many vehicles travel and where people may be present, should realize that a car or truck so parked without its brakes set could be pushed or set in motion, either by another operator parking his vehicle in front of or behind the parked vehicle or by a passing car along the street, and so cause injury. But appellant asserts that since he had parked his truck 5 hours before the accident, his failing to set the brakes could not have been a proximate cause, and that his negligence only furnished the condition upon which the intervening wrongful act of Poole operated. As we construe Sec. 97, the violation of it is not ended when one parks and gets out of his car without setting the brake. Rather is it a continuing offense—No person shall "permit" the car "to stand". As the truck sat there 5 hours unattended with the brake not set, so long did appellee fail to comply with the section. Appellant's act was a continuing violation which materially contributed to produce appellee's injuries. But whether it was such concurring, con-

tinuing act cooperating with that of Poole as would eliminate the requirement that appellant in order to be liable, should have anticipated the concurring cause or agency, such as was held in Gulf C. & S. F. Ry. Co. v. Ballew, Tex.Com.App., 66 S.W.2d 659, and cases following it, we need not decide.

Appellant also contends that the incident causing appellee's injuries was the result of a combination of unusual circumstances. That the driver of a car traveling along a street should be under the influence of intoxicants is not such an unusual circumstance as not to be unanticipated. It is common knowledge that many accidents on our traveled ways involve persons who have imbibed too much. Although the accident that happened in Sullivan v. Flores, 134 Tex. 55, 132 S.W.2d 110, 111, whereby a fifth tire attached to the rear of a taxi attempting to make a turn in a street was broken loose by another car and caused to roll down the street and across a curb, striking a youngster 40 feet away causing injuries, was classed as unusual—in upholding a judgment against the taxi owner, the court said:

> "It is, no doubt, unusual for a spare tire to be knocked from its setting and put in motion by a collision, but that fact does not exonerate the negligent driver from liability. As a person of ordinary intelligence and prudence, he should have anticipated the danger to others created by his negligent act, and the rule does not require that he anticipate just how injuries will grow out of that dangerous situation."

While the exact way in which Poole's negligence and his performance leading up to the moment of collision was unusual, in order to hold appellant liable, it is not necessary that he should have foreseen the particular incident involved here. All that is required is that the injury be of such a general character as might have been anticipated; and that the injured party should be so situated with relation to the wrongful act that injury to him or to one similarly

situated might reasonably have been foreseen. Carey v. Pure Dist. Corp., 133 Tex. 31, 124 S.W.2d 847; Missouri K. & T. Ry. Co. of Texas v. McLain, 133 Tex. 484, 126 S.W.2d 474. That a car may strike a parked one in attempting to pass should be anticipated. Biggers v. Continental Bus System, 157 Tex. 351, 303 S.W.2d 359. The issue of proximate cause was properly submitted to the jury. Appellant relies, with other authorities, upon Texas & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162, 164, to show that the act of appellant in failing to set the brake was a remote cause and that he would be required to have prophetic ken to have anticipated the intervening acts of Poole. If the Bigham case controls here, and assuming appellee owned the truck, he could recover damages to his truck from Poole but not damage for his personal injuries. The court held the personal injury to plaintiff in the Bigham case could not have been reasonably foreseen for the gate of the stock pen was a place one would not ordinarily expect a person to be at the exact moment a stampede of cattle would take place. On this the court said:

"In our opinion, nothing short of prophetic ken could have anticipated the happening of the combination of events which resulted in the injury of the person of the plaintiff. The act of the defendant in permitting the fastening of its gate to become insecure was in itself lawful; and, since it was clearly out of the range of reasonable probability that an injury to the person of any one should result, it should be held, as a matter of law, that the negligence of the company gave no right of action for such injuries."

While there, allowing the gate fastening to become insecure "was in itself lawful", this was not so in the instant case in failing to set the brake on appellant's truck; while there, it was not anticipated an individual would be present at the stock pen gate to be run down by stampede at the very moment of a train's passing, it is quite another matter not to be conscious of the ordinary use of loading merchandise in the trunk of a car in front of a business house as here described. The Bigham case does not control the present one.

■ Appellant also insists that appellee has failed to offer any evidence to the effect that if the brake had been set the injury would not have occurred. While there is substantial evidence to the contrary, according to appellee's witness Taylor, Poole was traveling about 15 miles per hour immediately before his car hit appellant's truck. Appellant testified that there were skid marks probably of the Poole car just to the rear of the truck. In addition, the evidence was such that the jury could have concluded, had the brake been set on appellant's truck, this would have held back the speed of the truck to such an extent, as it was propelled toward appellee, that he would have extricated himself from the perilous position. This was evidence from which the jury could have concluded that had the brake been set the injury would not have occurred. Hopson v. Gulf Oil Corp., 150 Tex. 1, 237 S.W.2d 352, 353, 355. In answer to Issue 8 the jury did find that the manner in which Poole operated his car at and immediately before the collision with the truck was not the sole proximate cause of appellee's injuries. The first and second points are overruled.

■ Appellant's 4th point is that the jury awarded excessive damages to appellee. This point is raised under pars. 35 and 36 of the amended motion for new trial. They read:

"35. Defendant says this Honorable Court should set aside the jury's answer to Special Issue No. 12, because, considering all of the evidence, the amount awarded, is indicative that said verdict was the result of passion, prejudice, rather than supported by evidence of probative value."

"36. Defendant says that said verdict should be set aside because same is excessive."

**616** ■ ■

Though there is no Issue 12 in the charge, we think it fair to hold that Issue 11 was the issue of which complaint was intended to be made and we will so consider it. The general complaint in par. 36 that "said verdict" was excessive, we think, refers to the previous paragraph, and no specific objection being made to any excessiveness of the finding under Issue No. 10, that finding will not be considered. Rule 322, Texas Rules of Civil Procedure.

■ Appellee sustained a severe crushing injury to his right leg midway between knee and ankle, with extensive laceration of the entire leg. At the time of the accident appellee was a married man about 40 years of age, operating the drygoods store and television repair shop. Before the accident he was in good health and his work included sales as well as repair work on televisions, which included his loading and unloading. He was taken to the hospital immediately upon the incident and surgery was performed by Dr. Bruce Stephenson of Beaumont. For several weeks he wore a cast on his right leg and made trips frequently to Beaumont in order to have the cast on his leg checked. He was confined to his bed from the date of the accident until some time in the following June when he was allowed to get into a wheel chair. In August of that year another operation was performed. He stayed in the hospital at that time a week and one-half and in bed about a month after the operation. In November of that year he walked on crutches and was still unable to perform any work. In December, 1955, he returned to the store but did little work and during the period of time he had to employ a part-time helper at a cost of $2,900. He was on crutches until the latter part of 1957; had his leg in a steel brace and moved around with difficulty and did no work of any substantial nature. At the time of the trial he was unable to do any lifting and his leg gave him trouble. If he stands on his leg for any length of time it bothers him and he has a growth on the bottom of his foot which is somewhat painful. On account of his injuries he has to wear specially made shoes. Dr. Stephenson testified that he had made as much recovery at the time of trial that he probably would.

Appellee testified that because of his injuries he had lost profits of about $2,000 per year out of his business, although the business has again gradually improved but at the time of trial in October, 1959, his business was still off about one-third of what it was before his injuries. In view of the serious injuries sustained by appellee causing much pain and suffering, together with operations necessarily performed, the loss of business and his limited ability to get around, we cannot say that the finding upon the issue of damages was excessive.

The judgment of the district court is affirmed.

STEPHENSON, J., disqualified and not sitting.