The KANSAS CITY SOUTHERN RAILWAY COMPANY, Appellant,

v.

Jack POWELL, Appellee.

No. 6870.

Court of Civil Appeals of Texas.

Beaumont.

Jan. 19, 1967.

Orgain, Bell & Tucker, Beaumont, for appellant.

Jones, Jones & Baldwin, Marshall, Alto Watson, Beaumont, for appellee.

PARKER, Justice.

Under the provisions of the Federal Employers' Liability Act, Jack Powell sued Kansas City Southern Railway Company for damages resulting from personal injuries. In response to Special Issues the jury found plaintiff's damages in the sum of Eighty Thousand Dollars. A judgment in the sum of Seventy-six Thousand six hundred Dollars was entered against the defendant, the $80,000 being credited with advancements made by the defendant to plaintiff prior to trial. Defendant has perfected its appeal. The parties will be designated as in the trial court.

Defendant contends the jury's answer to the special issue on damages is of such magnitude as to be clearly excessive, resulting from a disregard of the evidence and an abuse of discretion. Defendant also contends the evidence is insufficient to support the jury's answer. Under such points of error, defendant urges the jury's answer should be set aside and/or disregarded and remittitur required. A third point of error

was waived upon submission, being that such answer was so grossly excessive and of such magnitude to show the jury was influenced by passion and prejudice, and therefore, said answer should be set aside and/or disregarded and a new trial granted.

Rule 440 of the Texas Rules of Civil Procedure provides in part:

"In civil cases appealed to a Court of Civil Appeals, if such court is of the opinion that the verdict and the judgment of the trial court is excessive then said cause should be reversed for that reason only, then said appellate court shall indicate to such party or to his attorney within what time he may file a remittitur of such excess. * * * "

Plaintiff Jack Powell was married, had no children, was born in Oklahoma where he spent most of his life. His wife is a school teacher. He moved to Leesville, Louisiana, about March 1, 1963, and was injured on March 6, 1963. At the time of trial he was 44 years of age with a life expectancy of 28.67 years.

Powell had a high school education and two years at a business college under the G. I. Bill. He worked in a small dry goods store in Poteau, Oklahoma owned by his father until 1948. This store could not support two families. He went to Everett, Washington, where he worked a few months as a laborer. Then he was employed by Montgomery Ward as a furniture salesman. In 1949 his father had a heart attack, so he returned to run his father's store, then in financial difficulty. He kept this business going until 1960 when because of depopulation of the trade area and unfavorable business conditions, the store was closed. In 1950 he began to work to some extent for a railroad. For some six years he did no work for the railroad but in 1959 he earned $100 to $300. The railroad was in the process of cutting back on the use of steam and the number of firemen. Plaintiff's specialty was as fireman. In Oklahoma there was little opportunity for

plaintiff to earn much money. His capacity to make money, if he had the opportunity, is largely a matter of speculation prior to 1960.

In 1960 he worked for S & G Clothiers, Fort Smith, Arkansas, for three months, making $350 a month plus a percentage. Next, for three months, he worked for Boston Clothing Store for $250 a month. Then he sold cars for two or three months, averaging some $300 a month. This was in 1960-61. Working for the railroad he made $535 in 1961 and $880 in 1962. The above is all the evidence of money earned by plaintiff in 1961 and 1962. His average annual income for 1961 and 1962 could not have exceeded $2100 per year.

On March 1st, 1963, plaintiff moved to Leesville, Louisiana where he began working for the railroad running through Texas on the southern part of the line, losing his seniority rights on the northern part of the line. Had he wanted to, he could have returned to the northern part of the line and re-established his seniority standing. On March 6, 1963 while working as a fireman in the Port Arthur yards, Powell, in getting off an engine, stepped in a soft place on the roadbed, his leg buckled and he sustained the injuries upon which he sued. The injury consisted of a comminuted fracture of the right knee with breaks extending into the right knee joint.

On the same day plaintiff was admitted to the hospital, operated on and a cast placed on his leg. He was in the hospital three weeks. After some two months he returned to the hospital. The cast and pins were removed. For three weeks therapy was given to help him regain strength in the leg. After some 14 months the doctor told Mr. Powell he had done all that could be done and that he had a lot of disability in his leg and knee. He suffered considerable pain while in the hospital. At the time of trial he was using a cane, had trouble in walking on an uneven surface and if he stood on his legs for any length of time there would be some swelling with some

pain. He has a rough knee joint causing this.

Around April 10, 1964 he went to work on the railroad and continued to work until May 7, 1964 when all firemen were laid off. Arbitration Award Number 282 abolished the job of fireman as of May 7, 1964. In this latter period of work he earned $900.00. So long as his work was not particularly difficult, he did not have much trouble except his leg would bother him if he stood for any length of time and he had difficulty lifting heavy objects. Nevertheless, he had a good deal of overtime. The crew helped him.

The plaintiff had a functional loss of approximately 50% of the right leg. He could bend at the waist if the knees were not involved.

If Powell had returned to Oklahoma and there worked for the railroad he would have worked only five months in 1964 with earnings varying from $20 to $83 a month. If Powell had worked for the railroad on the southern end of the line from March 6, 1963 through May 5, 1964 he would have earned not over $6400 plus separation pay of $1500. He would have been separated from the service under the arbitration award. Actually, he was given $300 when he quit and earned $900. Thus, the monetary loss by Mr. Powell before the date of trial was $6700.

Abolishing the job of fireman did not bar plaintiff from working for the railroad in classifications other than fireman. In such other classifications, there is no evidence what he could have made or make. He liked railroad work. He could not do the type of railroad work he had been doing. He enjoyed fishing and hunting. He has a substantial injury and is entitled to a substantial award. Mr. Powell has some earning capacity by reason of his education, experience and training. Such employment would be partly sedentary and not the type of work required by hard manual labor.

No two injuries are alike and do not have the same consequence or results insofar as damages are concerned.

> "It is recognized that there should be reasonable uniformity as to the amount of verdicts and judgments in the various cases."

Defendant has cited a number of Texas cases involving the loss or loss of use of a leg. Plaintiff has adjusted the awards to the purchasing power of the dollar in 1966. Such opinions are: Continental Bus System Inc. v. Toombs, Tex.Civ.App., 325 S.W.2d 153 (1959); Hobbs v. Grant, Tex.Civ.App., 314 S.W.2d 351 (1958); Texas & NO Railroad Co. v. Pettit, Tex.Civ.App., 290 S.W.2d 730 (1956); Davis Transport, Inc. v. Bolstad, Tex.Civ.App., 295 S.W.2d 941 (1956); Byrnes v. Stephens, Tex.Civ.App., 349 S.W.2d 611 (1961); Gulf, Colorado & Santa Fe Ry. Co. v. Deen, Tex.Civ.App., 306 S.W.2d 171 (1957).

■ This court is required to exercise "its sound judicial judgment and discretion in the ascertainment of what amount would be reasonable compensation" and apply the rule set forth in Wilson v. Freeman, 108 Tex. 121, 185 S.W. 993, 994 (1916), which was re-affirmed in Flanigan v. Carswell, 159 Tex. 598, 324 S.W.2d 835 (1959).

■ Considering the evidence and the authorities cited by plaintiff and defendant this court under Rule 440, T.R.C.P., finds the judgment excessive and suggests a remittitur of $12,000.00. If plaintiff (Powell) will file in this court, within two weeks from the date of this opinion and judgment, a remittitur of $12,000.00, the judgment will be reformed and affirmed for the sum of $64,600.00; otherwise, the judgment will be reversed and remanded.