## GULF, COLORADO AND SANTA FE RAILWAY COMPANY V. EARL R. DEEN

No. A-6584. Decided May 7, 1958.
Rehearing overruled May 28, 1958.
(312 S.W. 2d Series 933)

*Woodruff & Holloway*, of Brownwood, *Hudson, Keltner & Saragard*, of Fort Worth, *McLeod, Mills, Shirley & Alexander*, of Galveston, for petitioner, Gulf, C. & S. F. Ry. Co.

*David C. McCord, Johnson, Guthrie & Stanfield*, of Dallas, for respondent.

MR. JUSTICE GARWOOD delivered the opinion of the Court.

The judgment here under review is one by the Court of Civil Appeals (306 S.W. 2d 171) affirming, upon condition of remittitur of $5500, a $21,450 judgment of the trial court in favor of the plaintiff Deen in his action for personal injuries against the defendant Gulf, Colorado and Santa Fe Railway Company under the Federal Employers' Liability Act, [ 45 U.S.C.A. Section 51] the affirmance being consequent upon reversal by the Supreme Court of the United States of the prior judgment of the Court of Civil Appeals in the same case, in which the latter court had held the verdict to be without support in the evidence[1].

The principal questions are narrow ones involving the impact of the Supreme Court judgment of reversal upon the factual jurisdiction of our Courts of Civil Appeals. The factual powers in question are: (a) that of reversing and remanding for a new trial, when the court believes the verdict or the fact findings of the trial judge to be so against the great weight and preponderance of the evidence as to be manifestly wrong, notwithstanding they may be supported by some evidence of substantial character[2]; (b) that of requiring, as a condition of affirmance and alternative to reversal and remand for a new trial, a remittitur of such portion of the damages as the court considers excessive[3].

Both the plaintiff employee and defendant employer being now petitioners in this Court, they will be sometimes referred to herein by their respective trial court designations.

Deen's recovery in the trial court was by reason of a broken leg suffered in the course of his regular employment in the shops of the defendant as the result of an effort on the part of him-

---

1 Deen v. Gulf, Colorado and Santa Fe Railway Co., 353 U.S. 925, reversing Gulf, Colorado and Santa Fe Railway Co. v. Deen, Texas Civ. App., 275 S.W. 2d 529.

2 See "The Question of Insufficient Evidence on Appeal", 30 Texas L. Rev. 803; King v. King, 150 Texas 662, 244 S.W. 2d 660; Hopson v. Gulf Oil Corp., 150 Texas 1, 237 S.W. 2d 352; also Ex Parte Texas, 315 U.S. 8, 13, 62 Sup. Ct. 418, 46 L.Ed. 579; Barker v. Coastal Builders, 153 Texas 540, 271 S.W. 2d 798; Bowman v. Puckett, 144 Texas 125, 188 S.W. 2d 571.

3 Rule 440, Texas R., Civ. Proc.; Texas Pipe Line Co. v. Hunt, 149 Texas 33, 39-40, 228 S.W. 2d 151, 155; Carter v. Texarkana Bus Co., 156 Texas 285, 295 S.W. 2d 653.

self and an assisting fellow servant to dump a 550-pound piece of babbitt metal from an old melting pot preparatory to putting it into a new pot. The old pot, which was more or less the same size and shape of an ordinary kitchen sink and itself weighed some 250 pounds, was sitting on the floor, and the two employees sought to dump the metal content by lifting with their own hands the far edge of the pot more or less in their own direction, with the result that, when the metal fell out, it struck the plaintiff's leg.

There was a proper lifting crane or apparatus at hand which the plaintiff knew how to operate by himself, but which had, according to his evidence, no proper clamps or other implements whereby to affix the lifting chains to the edge of the pot for effective handling of this particular operation. The plaintiff, while a mere servant, was the one responsible for the particular work, understood it well, and had actually done it several times before by hand with the aid of three or four fellow servants, although the lifting in the latter instances was evidently done by raising the side of the pot nearest the lifters and thus dumping the contents away from them. In the present instance, the plaintiff, although not directed, or in any fashion required, to do the dumping operation by himself, was attempting to do so, when his fellow servant voluntarily proceeded to help him. While it does not appear that additional assistants had been actually delegated by the foreman, or were standing nearby awaiting a chance to help, the evidence showed clearly that the plaintiff could have got all the needed assistance by asking for it, as, indeed, he had done in prior instances without difficulty.

Notwithstanding the foregoing, the plaintiff's suit was based expressly, perhaps necessarily, upon the combined propositions that he was not supplied with proper tools and that sufficient assistance was not properly afforded him to do the lifting by hand, as well as upon the further proposition that the defend-

ant failed to give him proper supervision.

The jury found (a) that the accident proximately resulted from negligence of the defendant in failing to supply proper tools and that the plaintiff's total damages were $39,000; but it also found (b) that the defendant did *not* fail to give the plaintiff proper supervision, and (c) that the plaintiff himself was negligent in failing to obtain additional help and thus contributed to his own injury to the extent of 45 per cent. The trial court rendered judgment accordingly for the plaintiff in the net sum of $21,450.

The defendant thereupon appealed to the Court of Civil Appeals, presenting there, in due form and based on a proper record in the trial court, three alleged errors (along with others hereinafter discussed) to wit, (1) that the above-mentioned sole finding of negligence on the part of the defendant was unsupported by evidence, and that accordingly the appellate court should reverse and render judgment that the plaintiff take nothing, as the trial court should have done; (2) that (alternatively) the same finding was so against the great weight and preponderance of the evidence as to be manifestly unjust, and that the appellate court should accordingly reverse and grant a new trial, as the trial court should have done; and (3) that the gross damages found ($39,000) were excessive. As before indicated, the Court of Civil Appeals, by its opinion reported in 275 S.W. 2d 529, sustained assignment (1), rendered judgment accordingly that the plaintiff take nothing, but did not in that opinion expressly rule or comment upon point (2) or the other remaining points.

■ The points in question, as indicated by the citations in footnotes 2 and 3, supra, respectively correspond to definitely separate, familiar and long-established institutions of Texas practice. Our practice recognizes important differences between (1) and (2). The former we have always considered as presenting a question of law and the latter one of fact. The problem in the former is merely to ascertain if there is any evidence of more than a *scintilla* to support the verdict. In the latter it is the quite different problem of balancing substantial evidence that supports the verdict against substantial evidence that is against the verdict and thus determining, for the sole purpose of ordering or not ordering a new trial, whether the great weight and preponderance of the evidence is against the verdict.

■ While the instant case concerns only the powers of our appellate courts, the two points, with their differences, also occur in the trial court. For example, the trial judge may refuse to submit a requested jury issue when he considers that the answer sought would be without support in the evidence and may accordingly instruct a verdict and render judgment for the opposite party, or, having let the issue go to the jury, may later render judgment *non obstante veredicto* on the same ground. On the other hand, the judge can do none of these things where the issue or verdict has some support in the evidence, although the great weight and preponderance of the evidence may be the other way. In the latter situation he may grant a new trial, but, by reason of our constitutional guarantee of trial by jury, this

is all he may do, and, under Rule 326 of our Rules of Civil Procedure, he may do it not more than twice in the same litigation.

■ On appeal, our Courts of Civil Appeals exercise the same powers as the trial judge in the matter of upholding or setting aside verdicts by reason of evidence or deficiency therein. If the appellant raises only the law point of "no evidence," they affirm the judgment for the appellee when they consider the verdict to be supported by more than a *scintilla*, and, when they consider it not so supported they ordinarily reverse and render final judgment in the appellant's favor. If the appellant raises only the point that the verdict is against the great weight and preponderance of the evidence, the court, of course, affirms the trial court judgment when it considers the point to be without merit; but, when the point is considered well taken, the court merely remands for a new trial, and cannot make its own findings or render final judgment for the appellant in accordance with the greater weight and preponderance of the evidence. The action of the appellate court in such a situation is thus no more nor less than that of the trial court when the latter grants or refuses a new trial on the same point. The particular appellate power derives directly from Art. V, Sec. 6, of the State Constitution. See the citations in footnote 2.

■ Often both points are raised on appeal. In that event the Court of Civil Appeals will ordinarily act first upon the point of "no evidence." If it considers the latter well taken, it will reverse and, ordinarily, render final judgment for the appellant, disregarding the point of weight and preponderance. But if it regards the point of "no evidence" as not well taken, that is, if it finds the verdict to be supported by more than a *scintilla* of evidence, it must then consider the point of weight and preponderance, affirming the trial court, if the point is not well taken and, if the contrary, reversing and remanding for a new trial.

■ The two questions also have different status in our Supreme Court. Being a court of law only, we will not review a holding of the Court of Civil Appeals that a verdict is or is not against the great weight and preponderance of the evidence, the holding being considered one of fact. We will, however, review a holding that the verdict is or is not supported by evidence, that matter being one of law. What we actually do with the case depends on the circumstances. For example, if we disagree with the holding of the Court of Civil Appeals that a verdict for the plaintiff is unsupported by evidence, we naturally reverse its judgment in so far as the latter decreed that the plaintiff take

nothing; but if the defendant, as appellant in that court, has also raised the factual question of weight and preponderance, and the court has not expressly passed upon it (having held that there was "no evidence") we must take a further step, since we ourselves cannot decide that question. In this situation we ordinarily assume that the court, having held "no evidence," would also hold the verdict to be against the great weight and preponderance of the evidence, and so we ourselves remand the case for a new trial, although if, for some special reason there were a doubt as to the view of the Court of Civil Appeals, we would remand to the latter court so that it might expressly pass on the weight and preponderance question, and accordingly order a new trial or affirm the trial court judgment, as the case might be.[4].

Sometimes the Court of Civil Appeals, having both points before it, overrules, for example, that of the defendant asserting the verdict to be without support in the evidence but fails to pass on the defendant's alternative assignment that the verdict is so against the great weight and preponderance of the evidence as to require a new trial. In that situation we consider the failure of the appellate court to rule on the weight and preponderance point to be an error of law requiring us upon proper application to assume jurisdiction and to remand the case to the appellate court with direction to rule, and this although we may agree with its view that the verdict is supported by more than a *scintilla* of evidence. See King v. King, footnote 2, supra.

In the instant case, as before stated, the Court of Civil Appeals in its first action (275 S.W. 2d 529) held the finding of negligence of the defendant in failing to furnish proper tools to be unsupported by evidence, reversing the trial court and rendering final judgment for the defendant, without commenting on the assignment concerning weight and preponderance, which latter could have conduced to no more than a new trial. We in turn upheld that judgment by denying writ of error, and the case, going on to the Supreme Court of the United States, was there reversed and remanded to the Court of Civil Appeals. 353 U.S. 925. If we had disagreed with the Court of Civil Appeals in its conclusion of "no evidence," instead of agreeing with it, as we did, we would yet not have affirmed the trial court, but would either have remanded the case to the latter for a new trial (on the above-stated theory that the Court of Civil Appeals

---

4. Hopson v. Gulf Oil Corp.; Barker v. Coastal Builders; Bowman v. Puckett, footnote 2, supra.

had in effect held the finding of negligence to be against the great weight and preponderance of the evidence—a holding beyond our power of review) or would have remanded to the appellate court for an express ruling on the weight and preponderance question (with consequent grant of a new trial or affirmance of the trial court, as the case might be).

When the case returned from the Supreme Court of the United States to the Court of Civil Appeals, the defendant moved the latter court to remand forthwith for a new trial on the theory that the court had in its original opinion (275 S.W. 2d 529) in effect held the verdict to be against the great weight and preponderance of the evidence, when it held it to be unsupported by evidence. Alternatively the defendant moved that the court consider and expressly sustain the assignment concerning weight and preponderance and, alternatively, certain other assignments, including one asserting the damages to be excessive. The court (306 S.W. 2d 171) denied the motion in all respects except as to the damages, which it found excessive in the sum of $5500. It thus in effect affirmed the judgment of the trial court upon condition of a remittitur. Ordinarily it would have either remanded for a new trial on the primary ground stated in the motion, or in any event have proceeded to give its own opinion as to whether the verdict was against the great weight and preponderance of the evidence. But it believed the decision of the Supreme Court of the United States to have foreclosed that question in favor of the plaintiff. Both parties now complain of this judgment of the Court of Civil Appeals. The defendant complains of its failure to remand the case for a new trial (as having by its earlier opinion in effect determined the verdict to be against the great weight and preponderance of the evidence) or to expressly rule upon the latter question and accordingly remand for a new trial. Alternatively, the defendant complains of the court's failure to remand on account of certain alleged errors concerning the pleadings and the charge, hereinafter discussed. The plaintiff, for his part, complains of the required remittitur.

Dealing first with the defendant's contentions concerning the matters of weight and preponderance of the evidence, they do not, of course, ask us to review what we cannot review, because the Court of Civil Appeals has not exercised its own factual judgment upon the evidence, but has merely held, as a matter of law, that the effect of the reversal by the Supreme Court of the United States was to prevent it from exercising its own judgment on the point or, perhaps, that the Supreme

Court has itself determined that the verdict was *not* against the great weight and preponderance of the evidence. 306 S.W. 2d 171, 174. We think the Court of Civil Appeals erred in so holding.

The opinion of the Supreme Court[5] and the relevant portions of its mandate of reversal to the Court of Civil Appeals[6] are copied in the footnotes.

In Hopson v. Gulf Oil Corp., cited in footnotes 2 and 4, supra, we had before us almost the same question presented here, although the act under which the suit was brought was the Jones Act instead of the Federal Employers' Liability Act, and the issue was not incident to a judgment of the federal Supreme Court in the same litigation.

In that case, as in the instant one, a trial court judgment for the plaintiff had been reversed by the Court of Civil Appeals and judgment rendered for the defendant on the ground that the finding of negligence of the latter was unsupported by evidence, the court omitting to rule upon the defendant's alternative point that the verdict was against the great weight and preponderance of the evidence. On writ of error to this Court, the plaintiff contended that (a) the verdict had support in the evidence and (b) if we should so hold, we should affirm the judgment of the trial court rather than remand the case for a new trial as we would ordinarily do, since the policy of the Supreme Court of the United States in Jones Act and Federal Employers' Liability Act cases was much more liberal than

5. *"PER CURIAM:* We hold that the proofs justified with reason the jury's conclusion that employer negligence played a part in producing the petitioner's injury. Rogers v. Missouri Pacific R. Co., 352 U.S. 500 77 Sup. Ct., 443, 1 L. Ed. 2d 493; Webb v. Illinois Central R. Co., 352, U.S. 512, 77 Sup. Ct. 451, 1 L. Ed. 2d 503; Ferguson v. Moore-McCormack Lines, 352 U.S. 521, 77 Sup. Ct. 457, 1 L. Ed. (2d) 511. The judgment of the Court of Civil Appeals is reversed and the case is remanded. Mr. Justice Frankfurter would dismiss the writ as improvidently granted. See his dissent in Rogers v. Missouri Pacific R. Co., 352 U.S. 500, 524, 77 Sup. Ct. 443, 1 L. Ed. 2d 493. Mr. Justice Harlan, and Mr. Justice Whittaker dissent for the reasons given in Mr. Justice Harlan's opinion in Rogers v. Missouri Pacific Co., 352 U.S. 500, 559. Mr. Justice Burton dissents." (353 U.S. 925, 77 Sup. Ct. 715).

6. "It is ordered and * * * adjudged * * * * by this Court that the judgment * * * of the said Court of Civil Appeals * * * in this cause be, and the same is hereby, *reversed with costs*

"IT IS FURTHER ORDERED and adjudged by this Court as follows: We hold that the proofs justified with reason the jury's conclusion that employer negligence played a part in producing the petitioner's injury. Rogers v. Missouri Pacific R. Co., 352 U.S. 500; Webb v. Illinois Central R. Co., 352 U.S. 512; Ferguson v. Moore-McCormack Lines, 352 U.S. 521.

"IT IS FURTHER ORDERED that this cause be, and the same is hereby, remanded to the Court of Civil Appeals of the State of Texas, Eleventh Supreme Judicial District."

that of the Texas courts in the matter of evidence necessary to uphold verdicts of negligence.

We sustained contention (1) but overruled contention (2) and remanded the case for a new trial on the theory that the plaintiff, by invoking the jurisdiction of the Texas courts, became bound by our established practice in the matter in question[7].

To have held otherwise than we did would have in effect destroyed in cases of this kind the established Texas practice of granting new trials, when the Court of Civil Appeals finds the verdict to be against the great weight and preponderance of the evidence. Congress may, indeed, prescribe rules of substantive law within the federal field and permit persons to seek relief thereunder in Texas courts if Texas opens its courts to such actions, as it does; but obviously Congress would not presume to alter the practice of our courts, so long as it does not transgress constitutional limitations of due process, nor does Texas, by lending its courts for the more convenient operation of federal laws, surrender her right to have her courts follow their own system of practice. Surely it would not be held, for example, that in cases like the present, Congress could require the Texas courts to make use of only general verdicts instead of our usual practice of special verdicts or require that in a jury case a party might always appeal in our courts without regard to our requirement that he must first file a motion for a new trial.

---

7. "Under our established practice, judgment will not be rendered on the jury's verdict, but the cause will be remanded to the district court for another trial. The trial court, on respondent's motion, rendered judgment that petitioner take nothing by his suit for damages, notwithstanding the jury's findings that respondent's negligence in failing to furnish assistance proximately caused petitioner's injury. On the appeal by petitioner respondent presented in its brief filed in the Court of Civil Appeals several cross-assignments of error, one of them being that the evidence is insufficient to support the jury's answer to issue No. 8, the issue as to proximate cause. This practice is authorized by Rule No. 324 of the Texas Rules of Civil Procedure. The Court of Civil Appeals, in affirming the judgment of the district court, found that there is no evidence to support the jury's answer to issue No. 8. That finding of no evidence includes the lesser finding that the evidence is insufficient to support the answer to issue No. 8, and since the question of insufficiency was presented in the Court of Civil Appeals by respondent's cross assignment, the cause must be remanded to the district court for a new trial. Liberty Film Lines, Inc. v. Porter, 136 Texas 49, 53-54, 146 S.W. 2d 982; Bowman v. Puckett, 144 Texas 125, 133-134, 188 S.W. 2d 571; Najera v. Great Atlantic & Pacific Tea Co., 146 Texas 367, 371, 207 S.W. 2d 365.

"Relying on recent decisions of the Supreme Court of the United States, which manifest a tendency to sustain on very little evidence verdicts of juries in suits brought under the Jones Act and under the Federal Employers' Liability Act, petitioner in effect takes the position that the established practice in this state should be disregarded and that judgment should be rendered here on the jury's

■ Admittedly the Supreme Court of the United States does take jurisdiction to review the decisions of state courts under the Federal Employers' Liability Act which hold the verdict to be unsupported by evidence and render final judgment accordingly. Conceivably it will go further and review such decisions as merely reverse and remand for a new trial on the factual ground that the verdict, although supported by evidence of more than a scintilla, is yet against the overwhelming weight and preponderance of the evidence. But the latter step has not yet been taken, so far as we are advised, and the authorities cited to us indicate that it will not be.

If it was taken in the instant case, it was not clearly so. In the first place, the point made by the plaintiff in his petition for *certiorari* was that, and only that, the Court of Civil Appeals, by its action in setting aside the verdict for "no evidence" and accordingly rendering judgment that he take nothing, had deprived him of his right to trial by jury specified in the act. True, he did pray the Supreme Court to affirm the trial court judgment in his favor, but this prayer was in effect denied him when the case was merely remanded to the Court of Civil Appeals, in which the defendant's other assignments of error remained without having been expressly adjudicated, including the assignment concerning the weight and preponderance of the evidence. Orders of the Supreme Court such as here involved are not usually construed as foreclosing further action in the state court except such as may be necessarily inconsistent with the order. Schneider Granite Co. v. Gast Realty & I. Co., 245 U.S.

verdict. Among other authorities petitioner cites Lavender v. Kurn, 327 U.S. 645, 66 Sup. Ct. 740, 90 L. Ed. 916, and Wilkerson v. McCarthy, 336 U.S. 53, 69 Sup. Ct. 413, 93 L. Ed. 497. But neither of those decisions nor any other that we have found is authority for departure, in a suit under the Jones Act or under the Federal Employers' Liability Act, from our settled rules of procedure. By the institution of his suit petitioner invoked the jurisdiction of state courts and the suit should be tried as any other suit for damages for negligence is tried in the state courts, provided there is comliance with the specific requirements of the Federal Statutes, that is to say, that assumed risk and negligence of fellow servants are not to be defenses and contributory negligence not a complete defense, and that the injured seaman or employee is entitld to trial by jury.

"Review of the jury's verdict by the Court of Civil Appeals under its jurisdiction over the facts, with reversal for want of sufficient evidence, does not amount to denial of the right of trial by jury. The Court of Civil Appeals does not and cannot substitute fact findings of its own for the findings of the jury, but in exercising its jurisdiction over the facts the Court of Civil Appeals may reverse the trial court's judgment and remand the case for another trial, when it finds that the verdict is so contrary to the great weight and preponderance of the evidence as to be clearly wrong. The power thus exercised is the same as that exercised by the trial court when its sets aside the jury verdict on account of insufficient evidence and awards a new trial. And this practice is not a denial of the right of trial by jury. Choate v. San Antonio & A. P. Ry. Co., 91 Texas 406, 409-410, 44 S.W. 69." 150 Texas 1, 10-11, 237 S.W. 2d 352, 358.

288, 38 Sup. Ct. 125, 62 L. Ed. 292. In cases like the present, moreover, the Court, where it intends to adjudicate issues undisposed of by the Court *a quo,* ordinarily so states in unmistakable fashion. See the specific language concerning other assignments in Rogers v. Missouri Pacific R. Co., 352 U.S. 500, and in Webb v. Illinois Central R. Co., 352 U.S. 512.

Moreover, the question of great weight and preponderance of the evidence being, at least under our law, one of fact, there is doubt if the Supreme Court would pass upon it in any event. See Aetna Life Ins. Co. v. Dunken, 266 U.S. 389, 393-4.

As to the other attacks of the defendant upon the judgment under review, to wit, its upholding of the action of the trial court in (a) overruling the defendant's special exceptions to the plaintiff's pleading concerning "proper tools," (b) overruling the defendant's objections to the submission of Special Issues Nos. 1, 2 and 3 and related issues concerning the failure of the defendant to furnish "proper tools" and (c) rejecting the defendant's tendered Special Issue No. 5 concerning contributory negligence of the plaintiff "in placing his foot where the babbitt could and did strike same," we agree with the Court of Civil Appeals that none of these assignments presents reversible error.

Thus the, and the only, error which the Court of Civil Appeals has committed to the prejudice of the defendant is to hold, as it did, that the action of the Supreme Court of the United States has foreclosed the exercise of the independent judgment of the former upon the factual question of weight and preponderance of the evidence, depriving the appellate court of its power to reverse and remand for a new trial on that ground. This error requires that the decision below be reversed.

Consistently with our decisions cited in footnote 4, supra, we might ourselves now remand the case to the trial court for a new trial, but considering the peculiar circumstances of this case, and in the hope of making somewhat clearer the basic issue decided, we shall remand the case to the Court of Civil Appeals with directions to the latter to adjudicate, upon its own independent evaluation of the evidence and wholly apart from the judgment of the Supreme Court of the United States, whether or not the jury finding of negligence of the defendant in failing to furnish proper tools is so against the weight and preponderance of the evidence as to require a new trial in the

interest of justice and, upon the basis of its said adjudication, to either affirm the judgment of the trial court or grant a new trial.

■ What we have said disposes *a fortiori* of the complaint on the part of the plaintiff concerning that portion of the judgment below requiring the remittitur of $5500. It may be added that the function of the appellate court in this behalf is but another item of its factual jurisdiction and corresponds to the well recognized power of the trial judge to require a remittitur as alternative to granting a new trial. As evidenced by the citations in footnote 3, supra, this power, whether exercised by the Court of Civil Appeals or by the trial judge, is essentially but a part of the power to order a new trial and thus does not usurp the jury function of assessing damages. We find nothing in the Federal Employers' Liability Act or in the decisions of the Supreme Court of the United States purporting to negative the power of the state courts thus to require a remittitur, when the plaintiff invokes their jurisdiction, and certainly nothing in the decision of the Supreme Court in the instant case purporting to inhibit the action, which the Court of Civil Appeals has since taken in this respect.

The judgment of the Court of Civil Appeals is reversed and the cause is remanded to that court for further proceedings in accordance with this opinion.

Opinion delivered May 7, 1958.

Rehearing overruled May 28, 1958.

Certiorari denied by Supreme Court of the United States, 358 U.S. 874 (187) 3 L. Ed 2d 105, 79 Sup. Ct. 111.