M. V. WATSON, Appellant,

v.

E. O. PREWITT, Adm. Estate of Mrs. W. F. Allison, dec'd., Appellee.

No. 16163.

Court of Civil Appeals of Texas.

Dallas.

May 3, 1963.

Rehearing Denied May 31, 1963.

Kenner W. Clay, Dallas, for appellant.

Spafford, Freedman, Hamlin, Gay & Whithan, Dallas, for appellee.

BATEMAN, Justice.

Our former opinion in this case is withdrawn and the following substituted therefor:

This is a suit brought by E. O. Prewitt as Guardian of the person and estate of Mrs. W. F. Allison, alleged to be a person of unsound mind, for the cancellation of a deed executed by the said Mrs. Allison in favor of the appellant M. V. Watson dated April 23, 1955. Prewitt alleged the deed to be void because at the time of the execution of same his ward was mentally incapable of transacting business affairs and of selling and conveying real property, and that appellant had knowledge of her alleged mental condition. He offered to do such equity "as the court may, from the facts adduced herein, deem to be required of him." Appellant answered by general denial and by special plea that he purchased the land in good faith, without committing any fraud or imposition on Mrs. Allison, and without notice of her mental infirmity and further, that the plaintiff should not be permitted to recover the land until the defendant was restored to his original position by the refund of the $3,000 he paid for the land, as provided by Sec. 7 of Art. 5561a, Vernon's Ann.Tex. St.

This is the second appeal of this case. On the first trial the jury found that Mrs. Allison had sufficient mental capacity to understand the nature and effect of her act in making the deed, and also that Watson paid her $3,000 for the land. Judgment was rendered for Watson, and Prewitt obtained a reversal in the Amarillo Court of Civil Appeals, 317 S.W.2d 954, which court remanded the case for another trial. Application for writ of error was refused, no reversible error, Watson v. Prewitt, 159 Tex. 305, 320 S.W.2d 815.

On the second trial the jury found (1) that Mrs. Allison did not have sufficient mental capacity to understand the nature

and effect of her act in executing the deed, (2) that Watson was without notice of such lack of mental capacity, (3) that Watson acted in good faith in accepting the deed, and (4) that he paid Mrs. Allison $3,000 for the land. In the meantime, Mrs. Allison died and Prewitt became administrator of her estate and substituted himself as plaintiff in that capacity. In the judgment appealed from the court accepted the jury's answer to Special Issue No. 1, that Mrs. Allison did not have sufficient mental capacity to execute the deed, and decreed that the deed should be cancelled and held for naught; but the court held that the jury's answers to Special Issues numbered 2 and 3, that Watson was without notice of the mental incapacity and that he acted in good faith, were against the great weight and preponderance of the testimony and should be disregarded and the court held that the jury's answer to Special Issue number 4, wherein it was found that Watson had paid Mrs. Allison $3,000 for the land, finds no support in the evidence and should be disregarded. The judgment was therefore in favor of Prewitt cancelling the deed, and also that Watson take nothing.

Of course, the court was unauthorized to disregard the answers to Special Issues numbered 2 and 3. If they were in truth so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust, all the court could properly have done was to set them aside and order a new trial. Gulf Colorado & Santa Fe Ry. Co. v. Deen, 158 Tex. 466, 312 S.W.2d 933; In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. Apparently recognizing this, counsel for appellee have filed in this court the following stipulation:

"Appellee, E. O. Prewitt, Administrator of the Estate of Mrs. W. F. Allison, Deceased, admits, for the purpose of this appeal, that the lower Court erred in disregarding the jury's answers to Special Issue No. 2, (No-tice) and Special Issue No. 3 (Good Faith) and admits, and stipulates that Special Issue No. 2, and Special Issue No. 3 should both stand as found by the Jury in this cause, in the same manner as if no attack had been made thereon."

Appellant does not complain of the finding of mental incapacity or of that part of the judgment cancelling the deed. Therefore, the problem confronting us is narrowed down to this: Did the court err in disregarding the jury finding in answer to Special Issue No. 4, that appellant paid Mrs. Allison $3,000 for the land, on the ground that there was no evidence to support it? If there was any evidence, more than a *scintilla*, to support the finding, the trial court was unauthorized to disregard it. Gulf, Colorado & Santa Fe Ry. Co. v. Deen, 158 Tex. 466, 312 S.W.2d 933. We do find that there was some evidence, more than a *scintilla*, to support the jury finding in question, necessitating a reversal of that part of the judgment which denied appellant a refund of the $3,000.

The statement of facts filed in this court is admittedly only a partial record of the evidence but is sufficient to establish the following facts: Watson prepared the deed in question for Mrs. Allison's signature, and it recited a consideration of $3,000. When he went to her home to present it for her signature he took with him one George D. Hogan, to act as notary public in taking her acknowledgment. Hogan, testified that Watson gave the deed to him and that he read it to Mrs. Allison and that she then read it for herself and seemed satisfied with it; that Watson tried to get her to reduce the price four or five hundred dollars and that she said, "No, that it was $3,000, and they had already agreed, cash money, and she wouldn't have nothing to do with it, so he gave her the money." He further testified that he did not count the money but that Watson handed her two or three bundles of currency; that he did not recollect seeing any $1 or $50 bills

in the bundles, "but there were a bunch of 5's, 10's and 20's in the one I saw open"; that the bundles of money were an inch and a half or two inches high; that Mrs. Allison started to count one of them while on the porch with Hogan and Watson, but then went into her house and left them on the porch; that she was in there quite some time, and they went over and "pecked on the door" and Mrs. Allison said "Don't come in, I will be right out." He further testified that "in a couple of minutes more she came out and came over and sat down, and I gave her the paper back and said, 'are you satisfied?' and she said 'yes' and sat down and signed it."

 Appellee takes the position here that because of the unchallenged finding of mental incompetency, the recitation of the $3,000 consideration in the face of the deed cannot be received as any evidence at all of the payment of the $3,000. It is our view, however, that the mere finding that Mrs. Allison did not have sufficient mental capacity to understand the nature and effect of her act in signing the deed is not tantamount to a finding that she had no mind or mental capacity whatever. We take judicial notice of the well known fact that there are many kinds and degrees of mental incapacity; and although Mrs. Allison may not have sufficient mental capacity to understand the nature and effect of her act in signing the deed, as found by the jury, she still may have had sufficient mental capacity to count several bundles of currency and determine the monetary value thereof. She evidently had sufficient mental capacity to recall that her agreement with Mr. Watson was for a price of $3,000 and to resist his effort to wheedle her into accepting less. She may also have had sufficient mental capacity to understand the meaning of the recitation of the $3,000 consideration in the deed. In any event those were questions which the jury had a right to consider in determining whether $3,000 was paid by appellant for the land,

and the trial court had no authority under the law to disregard their finding in that respect.

Accordingly, that portion of the judgment which adjudges that appellant take nothing is reversed; and that portion which decrees the cancellation of the deed in question is reformed and modified to provide that such cancellation shall be conditional upon payment by appellee to appellant of the sum of $3,000, and as so reformed and modified is affirmed. All costs in this court and the court below are taxed against appellee.

Reversed in part and modified and affirmed in part.