**Grover GRAHAM, Appellant,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, Receiver of the First State Bank, Dodson, Texas, Appellee.**

**No. 8169.**

Court of Civil Appeals of Texas, Amarillo.

Aug. 9, 1971.

H. K. Myers, Jr., Hollis, Okl., for appellant.

Strasburger, Price, Kelton, Martin & Unis, Dallas, Leslie H. Fisher, Myers N. Fisher and Charles L. Murphy, Washington, D. C., Williams, Broughton & Forbis, John T. Forbis, Childress, for appellee.

ELLIS, Chief Justice.

This is an appeal from a judgment non obstante veredicto rendered by the trial court insofar as it set aside the jury's findings that a portion of a certain payment made by Grover Graham, defendant-appellant, to The First State Bank, Dodson, Texas, had not been applied by such bank to appellant's outstanding loans. Affirmed.

Suit was brought by plaintiff-appellee, Federal Deposit Insurance Corporation as Receiver and Liquidator of The First State Bank, Dodson, Texas, seeking recovery upon two promissory notes executed by appellant and payable to the order of such bank, including unpaid principal in the sum of $1,291.73 on Note No. 4688 and $3,837.-89 on Note No. 4784, together with accrued interest, attorney's fees and foreclosure of lien and security interest upon certain personal property. The appellant answered by general denial and, by way of further answer, alleged that over a period of many years there had developed between himself and the former president of The First State Bank, Dodson, Texas, a confidential and fiduciary relationship, and that the former bank officer, taking advantage of such relationship, by fraud, trickery, deceit and omission failed to give appellant proper credit on his note balances. The trial was to a jury which returned a verdict containing its answers to the various special issues submitted.

Among other matters, the jury found by its answers to Special Issues Nos. 3a and 3b that the sum of $3,682.47 of the proceeds from a certain $12,987.05 check paid by Graham to the bank had not been applied to appellant's outstanding loans. By its answer to Special Issue No. 1 the jury also found that a certain note in the principal sum of $4,000.00, dated February 17, 1965, originally executed by Grover Graham and Naomi Kesler, payable to the order of such bank, was not paid by a $4,-000.00 check. Further, the jury made other findings regarding the application of payments by Graham which we do not deem pertinent in determining the questions herein raised.

Both appellant and appellee filed motions for judgment upon the verdict, and appel-

lee also filed a motion for judgment non obstante veredicto. The appellee's motion for judgment non obstante veredicto was sustained by the trial court as it related to the jury's answers to Special Issues Nos. 3a and 3b resulting in setting aside the jury's findings that the sum of $3,682.47 of the proceeds of the $12,987.05 check paid by appellant to the bank on April 15, 1966, had not been applied on his loan balance. The total amount of the judgment rendered against appellant was $5,856.78, with interest at the rate of ten percent per annum from October 15, 1970 on $4,729.62 thereof, and interest at six percent per annum from October 15, 1970, on $520.29 thereof. This appeal brought by appellant is limited to the action of the trial court in granting such motion for judgment non obstante veredicto insofar as it set aside the jury's findings that appellant had not been allowed credit for the sum of $3,682.47.

The record discloses that throughout a period of many years, appellant had negotiated, made, renewed and made payments upon various notes and items of indebtedness to The First State Bank, Dodson, Texas. Among other matters, the record shows that appellant tendered a check in the sum of $12,987.05 to the Dodson bank to be applied upon his indebtedness. This check was paid on April 15, 1966, at a time when the $4,000.00 note above mentioned (as renewed) was held by The First National Bank, Childress, Texas, although, as disclosed by the evidence, such note remained as a liability against the appellant. It is here pointed out that this is the same note which the jury found in its answer to Special Issue No. 1 had not been paid by a $4,000.00 check.

The appellant contends in his assignment of error that the trial court erred in invoking the "no evidence" rule in sustaining appellee's motion for judgment non obstante veredicto in regard to setting aside the jury's findings that the sum of $3,682.-47 out of the proceeds of the $12,987.05 check had not been applied to appellant's outstanding loans. Conversely, appellee takes the position that the evidence of probative force in the record of this cause establishes that the entire proceeds of the $12,987.05 payment was credited to outstanding loans of the appellant. Thus, appellee contends that there is no support in the evidence for the jury's findings that the sum of $3,682.47 had not been applied to the indebtedness.

Rule 301 of the Texas Rules of Civil Procedure authorizes a court, upon proper motion and notice to "disregard any Special Issue Jury Finding that has no support in the evidence." It is well established that the courts are authorized to disregard a fact finding by a jury which has no evidence of probative force in the record to support it. Leyva v. Pacheco, 163 Tex. 638, 358 S.W.2d 547 (1962); Gulf, Colorado & Santa Fe Railway Company v. Deen, 158 Tex. 466, 312 S.W.2d 933 (1958); Brooks v. Taylor, 359 S.W.2d 539 (Tex.Civ.App.—Amarillo 1962, writ ref'd n. r. e.). Also, it is well settled that in disregarding a jury's finding and in considering a motion for judgment non obstante veredicto on a "no evidence" point, it is the duty of the court to consider the evidence in the light most favorable to the party against whom the motion is sought, and every reasonable intendment deducible from the evidence is to be indulged in such party's favor. Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194 (1952); Brooks v. Taylor, supra. It has further been held that a "no evidence" point is sustainable when the evidence is legally insufficient to establish an asserted proposition of fact. See Kirkpatrick v. Raggio, 319 S.W.2d 362 (Tex.Civ.App.—Fort Worth 1958, writ ref'd n. r. e.).

Appellant contends that there was considerable general confusion and inaccuracy regarding the bank's records and further that such records could not be relied upon as evidence in this case. Although appellant has alleged fraud, deceit, trickery and omission on the part of the bank's officer, we find no evidence to substantiate such charges with relation to the notes sued

upon by FDIC as Receiver and Liquidator for the now defunct Dodson Bank, or in the application of the proceeds of the $12,987.05 check toward the payment of appellant's outstanding indebtedness. In fact, it appears that the appellant seeks to justify the jury's findings from certain matters shown upon the bank's records. Specifically, the appellant contends that according to the liability ledger of The First State Bank, Dodson, Texas, the entries insofar as related to the $12,987.05 payment, reflect that the following items were credited to appellant's indebtedness:

| | |
|---|---|
| Note 714 | $ 939.54 |
| Note 844 | 300.00 |
| Note 577 | 954.19 |
| Note 918 | 500.00 |
| Note 795 | 6,610.85 |
| Total amount credited on liability ledger | $9,304.58 |

When such sum is deducted from the $12,987.05 payment, there remains the sum of $3,682.47 thereof not credited to Graham's indebtedness insofar as the liability ledger sheet is concerned. It is here observed that the evidence discloses that this one record did not contain the complete record of the outstanding indebtedness (and credits allowed) of the appellant. Also, the evidence establishes that *only* principal balances and payments of notes actually held by The First State Bank, Dodson, Texas, are reflected upon this particular record. In addition to the notes above described in the total sum of $9,304.-58, the evidence shows that other records of the bank disclose a service charge on such notes in the sum of $3.50, a credit for interest rebates on three of the above described notes (Nos. 714, 577 and 795) in the sum of $401.03, leaving a total net liability of $8,907.05 on the five notes above listed. Also, the evidence shows that the $4,000.00 note (as renewed), although it remained a part of the appellant's liability arising out of and related to obligations to the Dodson bank, was at the time held by the Childress bank and not included or shown on the above mentioned liability ledger sheet of the Dodson bank. The evidence further shows that the sum of $20.00 in interest had accrued upon such $4,000.00 note while the note was held by the Childress bank and $60.00 in interest had accrued thereon while the note was held by the Dodson bank, making the total of $4,-080.00 as the total principal and interest indebtedness outstanding on such note. This sum of $4,080.00 when added to the net liability on the principal and interest indebtedness of $8,907.05 outstanding on the five notes listed on the liability ledger sheet, cumulates to the sum of $12,987.05, the exact amount of the check in question, applied in its entirety to appellant's outstanding indebtedness incurred by reason of loans secured from The First State Bank, Dodson, Texas.

It is obvious from the foregoing that the jury reached the conclusion that $3,682.47 had not been credited on appellant's indebtedness out of the proceeds of the $12,987.-05 check by looking solely to the liability ledger which, as above shown, did not completely reflect all matters concerning the application of the full amount of the $12,-987.05 payment.

In view of the foregoing, we hold that there is no evidence of probative force to support the jury's findings that the sum of $3,682.47 of the proceeds of the $12,-987.05 check had not been applied to appellant's outstanding loans and sustain the judgment non obstante veredicto insofar as it sets aside such jury findings.

The judgment of the trial court is affirmed.

REYNOLDS, J., not sitting.