CREATIVE CABINETS, INC., Appellant,

v.

Sam JORRIE et al., Appellees.

No. 15515.

Court of Civil Appeals of Texas, San Antonio.

June 2, 1976.

Rehearing Denied June 30, 1976.

Carl Robin Teague, Oppenheimer, Rosenberg, Kelleher & Wheatley, Inc., San Antonio, for appellant.

John M. Killian, San Antonio, for appellees.

KLINGEMAN, Justice.

This is an appeal from a judgment that appellees, Sam Jorrie and Robert Jorrie, recover jointly from appellant, Creative Cabinets, Inc.: (a) the sum of $5,000.00 with interest thereon at the rate of ten per cent per annum from January 2, 1975 until paid; (b) the sum of $5,000.00 with interest thereon at the rate of ten per cent per annum from February 2, 1975, until paid; (c) the sum of $2,091.00 with interest thereon at the rate of six per cent per annum from the date of the rendition of the judgment until paid.[1]  Trial was to the court without a

---

1. This amount is made up of the sum of $841.00 for damages to the improvements, and reasonable attorney's fees in the sum of $1,250.00, as found by the court in its judgment.

jury. The trial court made extensive findings of fact and conclusions of law.[2]

Appellant asserts four points of error. Two points of error complain that the trial court erred in rendering judgment for appellees against appellant in the sum of $5,000.00 for holdover rent for the month of January, 1975, and $5,000.00 for holdover rent for the month of February, 1975, because there is no evidence to support the trial court's finding that appellant remained in possession of the involved premises for the month of January, 1975 or the month of February, 1975. The other two points of error complain that the trial court erred in rendering judgment for appellees against appellant in the sum of $5,000.00 for holdover rent for the month of January, 1975, and in the sum of $5,000.00 for holdover rent for the month of February, 1975, because there is insufficient evidence to support the trial court's findings that appellant remained in possession of the premises for the month of January, 1975 or the month of February, 1975.

Appellant makes no complaint on this appeal as to the award of $2,091.00. Appellant states in his brief that the only issue in the case is an issue of fact—whether or not the tenant remained in possession after the expiration of the term of the lease.

The holdover provision of the written lease contract between appellant and appellees reads as follows: 19. "If Tenant remains in possession after expiration of the primary term hereof, with Landlord's acquiescence and without any distinct agreement of parties, Tenant shall be a tenant, month to month, at a rental of $5,000.00 per month."[3]

**2.** Pertinent findings of fact may be summarized as follows: (a) the lease agreement between appellant and appellees provided for a term of one year terminating on December 31, 1974;. (b) said lease agreement provided that if tenant remains in possession after the primary term with landlord's acquiescence and without any distinct agreement of the parties, tenant shall be a tenant, month to month, at a rental of $5,000.00 per month; (c) appellant remained in exclusive possession of the premises for the months of January and February, 1975; (d) appellant had equipment, supplies, merchandise, and machinery stored on the leased premises during the months of January and February, 1975; (e) appellant used the railroad siding situated on the leased premises during the month of January, 1975; (f) appellant had the only keys to the building and did not return them to appellees until the middle of February, 1975; (g) water, gas, and electrical utilities remained connected at the leased premises under an account of appellant; (h) appellant did not repair all damages to premises caused by removal of appellant's fixtures until on or about February 17, 1975; (i) appellees agreed and allowed appellant to remain in possession during the months of January and February, 1975; (j) there was no distinct agreement between the parties covering the possession of the premises for the months of January and February, 1975; (k) appellant did not give notice to appellees that the lease agreement was terminated or that it considered the lease agreement terminated; (l) the lease agreement terminated on February 28, 1975; (m) appellant owed appellees $5,000.00 per month as rental for the months of January and February, 1975, or a total rental of $10,000.00, which has not been paid by appellant; (n) appellant did not repair all damages or keep and maintain the leased premises in good order and repair, for which appellant was responsible under the lease agreement; (o) prior to February 28, 1975, appellant had not made necessary and reasonable repairs on the overhead doors on the leased premises; that the reasonable cost of such repairs was $841.00, and such damages were not the result of natural wear and tear, and were appellant's responsibility under the terms of the lease agreement; (p) the reasonable value of necessary legal services in connection with the collection of all sums due appellees was $1,250.00; (q) the lease agreement provided that all past-due rental payments shall bear interest at the rate of ten per cent per annum until paid.

**3.** Other pertinent provisions of the lease are as follows: 2. "The term of this lease shall be for a period of one (1) year . . . . Regardless of the commencement date of the lease, this lease shall terminate on December 31, 1974." 6. "Tenant agrees to return said premises to Landlord at the expiration . . . of this lease in as good condition and repair as when first received, natural wear and tear . . . excepted." 10. "Tenant may . . . prior to the expiration of this Lease . . . remove all fixtures and equipment which Tenant has placed in premises, provided Tenant repairs all damages to the premises caused by such removal." 12. "Upon termination of this lease in any manner above provided . . . Tenant shall pay to Landlord . . . (b) The cost of performing all covenants of Tenant re-

A "no evidence" point of error is a question of law, and in considering this question it is the duty of the court to view the evidence in its most favorable light, considering only the evidence and reasonable inferences drawn therefrom in support of a fact issue or a fact finding and disregarding all evidence and inferences to the contrary. *Transport Insurance Company v. Mabra,* 487 S.W.2d 704 (Tex.1972); *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965). On the other hand, an assertion that the evidence is "insufficient" to support a finding of fact can mean that the evidence is factually insufficient, that is, the evidence supporting the finding is so weak, or the evidence to the contrary is so overwhelming that the finding should be set aside and a new trial ordered. The intermediate court is required to consider all the evidence in deciding this question. *Garza v. Alviar, supra; Gulf, Colorado & Santa Fe Railway Company v. Deen,* 158 Tex. 466, 312 S.W.2d 933 (1958). See also Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Texas L.Rev. 361 (1960).

We have reviewed and considered all of the evidence. The evidence is conflicting and disputed in many respects. However, from an examination of the entire record, we have concluded that the trial court's material findings of fact are sufficiently supported by the evidence.[4]

The evidence is both legally and factually sufficient to support the trial court's material findings of fact and the judgment. The judgment of the trial court is affirmed.

lating to the condition of the premises incurred after termination by Landlord."

4. There is evidence that the tenant was still occupying the premises in January and February of 1975. There is evidence that at the end of the primary term some equipment, fixtures, and property of appellant were still in the leased premises. There is evidence that appellant had the keys to the building during the months of January and February, 1975, and that such keys were not returned to appellees until sometime during the month of February, 1975. There is evidence that some damages had been done to the premises by the installation and removal of fixtures by appellant, and that such damages were not repaired until late in the month of February, 1975. There is evidence that some work done by appellant had left holes causing leaks in the roof and that tenant had made arrangements with a roofing contractor to repair the roof, which work was not completed until about the 27th or 28th of February. There is evidence that appellant was in charge and control of the property during the months in controversy; it had the keys; and it did not surrender the property until the last of February, 1975.

Much of the above listed testimony is disputed by testimony of appellant's witnesses, and the testimony before the trier of the facts was conflicting and disputed in many respects.